**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KRISTINE A. WOLDANSKI,
    Appellant,

DOCKET NUMBER
AT-0752-22-0628-I-1

v.

DEPARTMENT OF DEFENSE,
    Agency.

DATE:  April 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristine A. Woldanski, Titusville, Florida, pro se.

Ashley Rutherford, Jacksonville, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal because the Board lacks jurisdiction over nonappropriated fund (NAF) employees under 5 U.S.C. § 2105(c).  On petition for review, in addition to briefly describing her employment history with the agency, the appellant argues that, while employed on base, she had to follow the same rules and regulations applicable to all Government employees, she describes

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

and challenges the merits of certain alleged actions taken by the agency relating to past write ups and the agency's investigation that led to her termination, and she asserts that she does not have a neutral body to which she may appeal her case. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The undisputed record reflects that the appellant worked and was terminated from the agency's Morale, Welfare & Recreation Department, Key West, Florida, a NAF instrumentality. Initial Appeal File (IAF), Tab 1 at 1, Tab 3 at 7-8, 16. The appellant has not refuted the declaration of the agency's NAF Human Resources Director who declared that the appellant held, and was terminated from, a NAF position and was not an appropriated-fund employee during the relevant period. IAF, Tab 3 at 7. Thus, we find that the agency's sworn statement to be sufficient evidence the appellant was a NAF employee. *See Jordan v. Department of Justice*, 54 M.S.P.R. 609, 611 (1992) (finding that sworn statements that are not rebutted are competent evidence of the matters asserted therein). The appellant has not alleged otherwise. Therefore, we agree with the administrative judge's determination that the appellant was a NAF

employee.[2]  IAF, Tab 5, Initial Decision at 3.  The Board previously has found that 5 U.S.C. § 2105(c) excludes NAF employees from those employees with rights to appeal adverse actions to the Board under 5 U.S.C. § 7513(d).  *Clark v. Army and Air Force Exchange Service*, 57 M.S.P.R. 43, 44-45 (1993).  Therefore, the administrative judge correctly found that the Board lacks jurisdiction over the appellant's termination appeal.[3]

Additionally, the alleged new documents the appellant attached to her petition for review are not material because they are not relevant to the jurisdictional issue but rather speak to the merits of the agency's actions, over which, as just discussed, we have no jurisdiction.  Petition for Review File, Tab 1 at 5-34; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  Additionally, she has made no showing that the information in these documents was unavailable before the record closed.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

We therefore discern no basis to disturb the initial decision, which dismissed the appeal for lack of jurisdiction.

---

[2] It is also clear that the appellant was a NAF employee of a military exchange.  IAF, Tab 1 at 1, Tab 3 at 8, 16; *see* 10 U.S.C. § 1063(e).

[3] For the same reasons, the Board lacks jurisdiction over the appellant's claims of suspension for more than 14 days and negative suitability determination, which she indicated she was appealing along with her termination claim in her initial appeal filing.  IAF, Tab 1 at 2.  As a NAF employee, she has no right to appeal her alleged suspension because she does not qualify for coverage under Title 5 of the U.S. Code, as she was serving in a position paid from nonappropriated funds.  *See* 5 U.S.C. § 2105(c); *Clark*, 57 M.S.P.R. at 44-45.  The appellant also has no right of appeal from the alleged negative suitability action, as defined by 5 C.F.R. part 731, because such an action relates to a regulation administered by the Office of Personnel Management (OPM).  *See* 5 U.S.C. § 2105(c); 5 C.F.R. § 731.101 (noting that OPM has been directed to examine suitability for competitive Federal employment).  The administrative judge not acknowledging these claims did not prejudice the appellant's substantive rights because, as discussed above, the unrefuted evidence shows that the appellant was a NAF employee at the time of these alleged actions.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.